



2014 OCT 15 PM 3:44

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TCF INVENTORY FINANCE, INC.

    Plaintiff,

vs.

CASE NO.: 3:14-cv-1254-J-39mcr

NORTH FLORIDA CYCLES, LLC,
sometimes d/b/a FIRST COAST BOAT
AND MARINE OF ST. AUGUSTINE;
FIRST COAST IMPORTS, LLC, sometimes
d/b/a FIRST COAST SEA DOO CAN-AM;
STOREFRONT, LLC; MARK ALLEN;
and WENDI LYNN ALLEN,

    Defendants.
_____/

## VERIFIED COMPLAINT

Plaintiff, TCF INVENTORY FINANCE, INC. ("TCFIF"), hereby sues Defendants, NORTH FLORIDA CYCLES, LLC, sometimes d/b/a FIRST COAST BOAT AND MARINE OF ST. AUGUSTINE ("N. Florida Cycles" or "Dealer"), FIRST COAST IMPORTS, LLC, sometimes d/b/a FIRST COAST SEA DOO CAN-AM ("First Coast"), STOREFRONT, LLC ("Storefront"), MARK ALLEN ("M.Allen"), and WENDI LYNN ALLEN ("W.Allen") (collectively, "Defendants"), and alleges:

### PARTIES

1.    TCFIF is a corporation organized and existing under the laws of the State of Minnesota and authorized to transact business in the State of Florida. TCFIF maintains its principal office at 1475 E. Woodfield Road Suite 1100, Schaumburg, Illinois 60173.

{29721062;1}

2. North Florida Cycles, LLC, sometimes d/b/a First Coast Boat and Marine of St. Augustine, and also sometimes d/b/a First Coast Sea-Doo Can-Am (collectively "Dealer"), is a Florida limited liability company with a business address of 1860 Ponce De Leon Boulevard, St. Augustine, Florida 32084. All members of N. Florida Cycles are domiciled in, and citizens of the State of Florida.

3. First Coast Imports, LLC, sometimes d/b/a First Coast Sea-Doo Can-Am (collectively "First Coast"), is a Florida limited liability company with a registered address of 1860 N. Ponce De Leon Boulevard, St. Augustine, Florida 32084. All members of First Coast are domiciled in, and citizens of the State of Florida.

4. Storefront is a Florida limited liability company with a registered address of 1860 N. Ponce De Leon Boulevard, St. Augustine, Florida 32084. All members of Storefront are domiciled in, and citizens of the State of Florida.

5. M.Allen's residence address is 3097 Antigua Drive, Jacksonville Beach, Florida 32250. M.Allen is domiciled in, and a citizen of the State of Florida.

6. W.Allen's residence address is 3097 Antigua Drive, Jacksonville Beach, Florida 32250. W.Allen is domiciled in, and a citizen of the State of Florida.

## JURISDICTION AND VENUE

7. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a) because of diversity of citizenship between TCFIF and Defendants and because this is an action for damages in excess of $75,000.00, exclusive of interest and costs.

8. Venue is proper in the Middle District of Florida, Jacksonville Division, because three of the five defendants are residents of St. Johns County, Florida, and the

{29721062;1}  2

remaining two defendants are residents of Duval County, Florida and because a substantial part of the events or omissions giving rise to TCFIF's claims occurred in St. Johns County, Florida. *See* 28 U.S.C. § 1391(a); Local Rule 1.02(b)(1), MDFla.

## BACKGROUND FACTS

9. TCFIF's principal business is a type of secured lending called "floorplan financing" or "floorplanning," under which TCFIF, as lender, finances a dealership's purchases of inventory from manufacturers and distributors which the dealership then attempts to sell to retail customers in its normal business operations.

10. Under the floorplanning arrangement, the dealership promises to hold the inventory financed by TCFIF in trust for TCFIF until such time as it is sold, lost, stolen, destroyed or payment becomes due pursuant to the particular plan under which it is financed. Upon one of the foregoing occurrences, the dealership promises to remit to TCFIF the wholesale invoice price financed by TCFIF.

11. On or about October 14, 2011, M.Allen on behalf of Dealer executed and delivered to TCFIF an Inventory Security Agreement (the "Security Agreement"). A true and correct copy of the Security Agreement is attached hereto as **Exhibit A.**

12. TCFIF financed the acquisition of certain inventory for Dealer pursuant to the Security Agreement (the "Inventory"). TCFIF issues to Dealer monthly billing summaries ("Billing Summaries") which identify certain of the items of Inventory by model and serial number, and identifies parts, garments and accessories ("PAC") by invoice number and amount. A true and correct copy of the September 2014 Billing Summaries for both of Dealer's accounts are attached hereto as **Composite Exhibit B.**

13. Pursuant to the Security Agreement, TCFIF was granted a security interest in

> ... all Collateral as security for all Indebtedness. **"Collateral"** means the following property or interests in property of Dealer, whether now or hereafter existing, owned, licensed, leased, consigned, acquired or arising, whether in tangible or intangible form, and wherever located: (i) inventory, accounts, chattel paper, documents, instruments, promissory notes, equipment, fixtures, contract rights, investment property, other goods, general intangibles and payment intangibles (including without limitation and whether or not included in the foregoing, Seller Credits, deposit accounts, and certificates of deposit), (ii) any books and records (whether paper, electronic, digitized or otherwise) which relate to any of the foregoing, and any computers, disks, tapes, media, websites, databases, electronic storage devices and other devices upon which, or within which, such records may be stored, (iii) all repossessions, returns, replacements, exchanges, substitutions, parts, attachments, accessories and accessions to or of the foregoing, and (iv) all products and proceeds in any form and wherever located derived directly or indirectly from any dealing with any of the foregoing including, without limitation, insurance proceeds and any other payment representing indemnity or compensation for loss of or damage thereto. **"Seller Credits"** means all of Dealer's rights to any price protection payments, rebates, discounts, credits, factory holdbacks, incentive payments and other amounts which at any time are owing to Dealer from a Seller with respect to, or in connection with, any inventory acquired from such Seller..

(collectively the "Collateral"). (Security Agreement Ex. A).

14. To induce TCFIF to enter into the Security Agreement and provide the financing described therein, on or about October 14, 2011, M.Allen executed and delivered to TCFIF a Guaranty (the "M.Allen Guaranty"), pursuant to which he guaranteed, among other things, the payment and performance of all obligations of Dealer under the Security Agreement. A copy of the M.Allen Guaranty is attached hereto as **Exhibit C**.

15. On November 2, 2011, TCFIF perfected its security interest by filing a UCC-1 Financing Statement (the "UCC-1") with the Florida Secretary of State, as Instrument #201105596239, a copy of which is attached hereto as **Exhibit D**.

16. On or about June 28, 2012, M.Allen on behalf of First Coast executed and delivered to TCFIF a Guaranty (the "First Coast Guaranty"), pursuant to which First Coast guaranteed, among other things, the payment and performance of all obligations of Dealer under the Security Agreement. A copy of the First Coast Guaranty is attached hereto as **Exhibit E**.

17. On or about June 28, 2012, M.Allen on behalf of Storefront executed and delivered to TCFIF a Guaranty (the " Storefront Guaranty"), pursuant to which Storefront guaranteed, among other things, the payment and performance of all obligations of Dealer under the Security Agreement. A copy of the Storefront Guaranty is attached hereto as **Exhibit F**.

18. On or about June 28, 2012, W.Allen executed and delivered to TCFIF a Guaranty (the "W.Allen Guaranty"), pursuant to which she guaranteed, among other things, the payment and performance of all obligations of Dealer under the Security Agreement. A copy of the W.Allen Guaranty is attached hereto as **Exhibit G**.

19. Dealer has defaulted pursuant to the terms and conditions of the Security Agreement by failing to timely make principal and interest payments, and by failing to remit payment to TCFIF upon the sale of items of Inventory as required by the Security Agreement.

20. Dealer currently owes TCFIF unpaid principal in the amount of $484,484.93 as of October 13, 2014, plus interest and fees which accrue daily on the unpaid balance.

21. Dealer has sold, transferred or otherwise removed from its showrooms the following six (6) items of Inventory without remitting payment to TCFIF, which is commonly referred to in the floorplan industry as "SAU" ("sold and unpaid") or "SOT" ("sold out of trust"):

| Invoice # | Invoice Date | Serial Number | Model # | Current Balance |
|---|---|---|---|---|
| 575934 | 4/15/2014 | 5401198 | E250DPXAB | $ 16,782.00 |
| 9011115480 | 7/17/2014 | 2BXNBDD17EV007669 | 000A4EK00 | $ 24,392.00 |
| 9011115480 | 7/17/2014 | 2BXNBDD12EV004453 | 000A4ED00 | $ 24,392.00 |
| 9010043353 | 11/26/2013 | 3JBMGCK1XEJ000486 | 0004EEA00 | $ 7,358.00 |
| 9009367449 | 6/18/2013 | 2BXNBAC17DV000574 | 000B5DB00 | $ 22,539.00 |
| 9010481586 | 2/27/2014 | 2BXNAAC19EV000354 | 000A1EB00 | $13,512.00 |
| | | | Total: | $ 108,975.00 |

22. Dealer owes TCFIF the principal sum of $108,975.00 for the six (6) items of Inventory identified in paragraph 21 (the "sold out of trust" amount), plus interest and fees which accrue daily on the unpaid balance. There may be additional items of Inventory that have been sold out of trust, of which TCFIF is not yet aware.

23. On or about on September 25, 2014, TCFIF sent Dealer a letter by overnight mail notifying it that it had defaulted under the Security Agreement and demanding payment by September 29, 2014 (the "Default Letter"). A true and correct copy of the Default Letter is attached hereto as **Exhibit H**.

24. By letter sent via overnight mail on October 2, 2014, TCFIF notified Dealer that, due to its failure to cure the default, TCFIF was accelerating the balance (the "Acceleration Notice"). The Acceleration Notice further directed Dealer to cease selling or disposing of the Collateral and further directed Dealer to assemble the Collateral and make arrangements with TCFIF for the pickup of same; all as required under the Security Agreement. A Voluntary Release and Surrender form (providing for the voluntary surrender of the remaining Inventory) and requested that Dealer execute the same. A true and correct copy of the Default Letter is attached hereto as **Exhibit I**.

25. Copies of the Default Letter and Acceleration Notice were sent to Guarantors First Coast, Storefront, M.Allen and W.Allen via certified mail at the time the letters were sent to Dealer.

26. During the time period from September 2014 to present, TCFIF has engaged in communications with Dealer requesting payment for the items sold out of trust.

27. As of this date, Dealer has refused to pay the amounts due to TCFIF and has refused to execute the Voluntary Release and Surrender form despite demand being made.

28. As of this date, each of the guarantors have refused to pay the amounts due to TCFIF despite demand being made.

29.     As of October 13, 2014, the total sum due, and hereby demanded, is $489,109.77, which represents $484,484.93 for unpaid principal, including $108,975.00 for the inventory sold out of trust, and $375,509.93 for the inventory currently in-stock at the Dealer's business, plus $4,624.84 in current and past due interest and fees. The sum due will increase by interest and fees which accrue daily on the unpaid balance. This total sum due does not include attorneys' fees which will also be due as they accrue.

30.     Pursuant to the Security Agreement, the total sum due will further be increased to cover all attorneys' fees, legal expenses, repossession or return costs, and any depreciation and/or damages on repossessed or returned Inventory incurred by TCFIF.

31.     All conditions precedent to the institution of this action and under all agreements referenced herein have been met, have occurred, or have been waived.

32.     Due to the failure of Defendants to pay monies pursuant to the Security Agreement and Guaranties as applicable, as and when due, it was necessary for TCFIF to employ its undersigned attorneys and instruct the filing of this action, for which TCFIF will incur costs and expenses, including reasonable attorneys' fees. Defendants are obligated to pay these fees and expenses pursuant to the Security Agreement and Guaranties, as may be applicable.

**COUNT I**
**(BREACH OF CONTRACT AGAINST DEALER)**

33.     This is an action for damages in excess of $75,000.00, exclusive of attorneys' fees and costs.

34.     TCFIF realleges the allegations of paragraphs 1-2, 7-13, 15, and 19-32 of this pleading as if fully set forth herein.

35. Dealer has defaulted pursuant to the Security Agreement by failing to make principal, interest, and other payments when due and by selling one or more items of Inventory out of trust as more fully described in paragraphs 12, and 19-22 above.

36. As a result of the failure to pay the sums due as alleged in paragraphs 19, 22, 24, 27, and 29, TCFIF has accelerated the account and is demanding payment in full.

WHEREFORE, TCFIF respectfully requests this Court to enter its Final Judgment in favor of TCFIF and against North Florida Cycles, LLC, sometimes d/b/a First Coast Boat and Marine of St. Augustine, and also sometimes d/b/a First Coast Sea-Doo Can-Am, in the amount of $489,109.77, which includes $484,484.93 for unpaid principal (including $108,975.00 for the inventory sold out of trust), plus $4,624.84 in current and past due interest and fees as of October 13, 2014, plus reasonable attorneys' fees, costs, interest, and finance charges accruing thereafter until the debt is paid in full, as provided in the Security Agreement, and to grant such other and additional relief as this Court may deem just and equitable.

## COUNT II
### (REPLEVIN AGAINST DEALER)

37. TCFIF realleges, and reavers, paragraphs 1-2, 7-13, 15, and 20-31 of this pleading as if fully set forth herein.

38. This is an action to replevy certain personal property (the "Property") believed to be located in St. Johns County, Florida, at the address stated in paragraph 2 above, and/or at one of the following addresses in St. Johns County: 1700 North Ponce De Leon Boulevard, St. Augustine, Florida 32084; 2000-A North Ponce De Leon Boulevard, St. Augustine, Florida 32084; 160 San Marco Avenue, St. Augustine, Florida 32084; 7 San Carlos Way, St.

Augustine, Florida 32084; 7000 US 1 North, St. Augustine, Florida 32095, or in Putnam County at the address of 3311 Reid Street, Palatka, Florida 32177. The value of the property, to the best knowledge, upon information and belief of TCFIF, has an approximate value of $375,509.93.

39.   Pursuant to the Security Agreement, TCFIF was granted a security interest in the Collateral as described in paragraph 13 above. The portion of the Collateral that represents the Property, *i.e.*, the items of Inventory financed by TCFIF sought to be replevied, is more specifically described in Composite Exhibit B, and the attached **Exhibit J**, and represents those items of Inventory believed to be currently in Dealer's possession.

40.   Dealer has defaulted pursuant to the Security Agreement by failing to make timely principal and interest payments, and by selling four (4) items of Inventory, identified in paragraph 21 above, out of trust.

41.   Pursuant to the terms and conditions of the Security Agreement:

> Upon the occurrence of a Default, TCFIF shall have all rights and remedies of a secured party under the UCC and other applicable law and all rights and remedies set forth in the [Security] Agreement... TCFIF may enter any premises of Dealer, with or without process of law, without force, to search for, take possession of, and remove any Collateral.

Exhibit A, ¶ 11.

42.   As a result of the foregoing defaults pursuant to the Security Agreement, TCFIF is entitled to possession of the Property.

43.   Pursuant to the Security Agreement, Dealer is obligated to pay all expenses associated with TCFIF's repossession of the Property.

44. The Property in Dealer's possession has been, and is being, wrongfully detained by Dealer. The Property came into Dealer's possession upon purchase thereof from manufacturers and/or distributors with financing provided by TCFIF, pursuant to contracts with manufacturers and/or distributors, or upon the sale of items of Inventory.

45. TCFIF lacks adequate protection of its interest in the Property, and the Property is depreciating in value with the passage of every day. Dealer continues to retain the Property, and said Property is currently being sold, used, depreciated and dissipated in the course of Dealer's business without payment to TCFIF.

46. TCFIF periodically verifies that Dealer continues to retain possession of the Collateral, the purchase of which was financed by TCFIF, by conducting inspections of its place of business to physically verify that specific items of the Property are still located on Dealer's premises and have not been sold. Based on these inspections, Dealer is in possession of the Property with the exception of any items of Collateral that have been sold or transferred since TCFIF'S last floor plan inspection on or about October 6, 2014.

47. The Property in Dealer's possession has not been taken for a tax, assessment, or fine pursuant to law or under an execution or attachment against the property of TCFIF.

WHEREFORE, TCFIF demands judgment against North Florida Cycles, LLC, sometimes d/b/a First Coast Boat and Marine of St. Augustine, and also sometimes d/b/a First Coast Sea-Doo Can-Am, for immediate possession of the Property, together with an award of any deficiency damages, expenses of replevin and sale, attorneys' fees and costs, as well as such further and additional relief as this Court may deem just and proper.

## COUNT III
### (FORECLOSURE OF SECURITY INTEREST IN PERSONAL PROPERTY)

48. This is an action to foreclose a security interest in personal property in St. John County, and Putnam County, Florida.

49. TCFIF realleges, and reavers, paragraphs 1-2, 7-13, 15, and 19-32 of this pleading as if fully set forth herein.

50. The Collateral described in the Security Agreement and UCC-1 attached hereto as Exhibits A and D is owned by Dealer, which holds possession thereof.

51. Due to the defaults of Dealer under the Security Agreement, TCFIF is entitled to foreclose its security interest in the Collateral.

52. Defendants may claim some interest or interests in said Collateral, but any such interest or interests are junior, inferior, and subordinate to TCFIF's interest therein.

WHEREFORE, TCFIF demands judgment foreclosing its security interest in the Collateral, as fully described in the Security Agreement and UCC-1, and awarding such further relief as may be appropriate.

## COUNT IV
### (RECOVERY ON M.ALLEN GUARANTY)

53. TCFIF realleges the allegations of paragraphs 1, 5, 7-1415, and 19-32 of this pleading as if fully set forth herein.

54. As a result of the defaults by Dealer, pursuant to the Security Agreement for selling the Collateral without remitting payment to TCFIF, M.Allen is obligated to pay the amounts due and owing pursuant to the M.Allen Guaranty attached hereto as Exhibit B.

55. M.Allen is indebted to TCFIF for the principal amount of $484,484.93 and $4,624.84 in current and past due interest and fees as of October 13, 2014, plus interest as shall continue to accrue at the applicable default rate thereafter, plus court costs, expenses, and attorneys' fees.

56. Despite demand, M.Allen has failed and refused to pay the foregoing amount, as a direct and legal result of which TCFIF has been damaged.

WHEREFORE, TCFIF demands judgment against M.ALLEN for damages in the amount of $489,109.77, which includes $484,484.93 for unpaid principal (including $108,975.00 for the inventory sold out of trust), plus $4,624.84 in current and past due interest and fees as of October 13, 2014, plus reasonable attorneys' fees, costs, interest, and finance charges accruing thereafter until the debt is paid in full, as provided in the Security Agreement and M.Allen Guaranty, and such further relief as the Court deems just and proper.

## COUNT V
### (RECOVERY ON FIRST COAST GUARANTY)

57. TCFIF realleges the allegations of paragraphs 1, 3, 7-13, 16, and 19-32 of this pleading as if fully set forth herein.

58. As a result of the defaults by Dealer, pursuant to the Security Agreement for selling the Collateral without remitting payment to TCFIF, First Coast is obligated to pay the amounts due and owing pursuant to the First Coast Guaranty attached hereto as Exhibit D.

59. First Coast is indebted to TCFIF for the principal amount of $484,484.93 and $4,624.84 for current and past due interest and fees as of October 13, 2014, plus interest as shall continue to accrue at the applicable default rate thereafter, plus court costs, expenses, and attorneys' fees.

60. Despite demand, First Coast has failed and refused to pay the foregoing amount, as a direct and legal result of which TCFIF has been damaged.

WHEREFORE, TCFIF demands judgment against First Coast for damages in the amount of $489,109.77, which includes $484,484.93 for unpaid principal (including $108,975.00 for the inventory sold out of trust), plus $4,624.84 in current and past due interest and fees as of October 13, 2014, plus reasonable attorneys' fees, costs, interest, and finance charges accruing thereafter until the debt is paid in full, as provided in the Security Agreement and First Coast Guaranty, and such further relief as the Court deems just and proper.

## COUNT VI
### (RECOVERY ON STOREFRONT GUARANTY)

61. TCFIF realleges the allegations of paragraphs 1, 4, 7-13, 17 and 19-32 of this pleading as if fully set forth herein.

62. As a result of the defaults by Dealer, pursuant to the Security Agreement for selling the Collateral without remitting payment to TCFIF, Storefront is obligated to pay the amounts due and owing pursuant to the Storefront Guaranty attached hereto as Exhibit E.

63. Storefront is indebted to TCFIF for the principal amount of $484,484.93 and $4,624.84 for current and past due interest and fees as of October 13, 2014, plus interest as shall continue to accrue at the applicable default rate thereafter, plus court costs, expenses, and attorneys' fees.

64. Despite demand, Storefront has failed and refused to pay the foregoing amount, as a direct and legal result of which TCFIF has been damaged.

WHEREFORE, TCFIF demands judgment against Storefront for damages in the amount of $489,109.77, which includes $484,484.93 for unpaid principal (including $108,975.00 for the inventory sold out of trust), plus $4,624.84 in current and past due interest and fees as of October 13, 2014, plus reasonable attorneys' fees, costs, interest, and finance charges accruing thereafter until the debt is paid in full, as provided in the Security Agreement and Storefront Guaranty, and such further relief as the Court deems just and proper.

## COUNT VII

### (RECOVERY ON W.ALLEN GUARANTY)

65. TCFIF realleges the allegations of paragraphs 1, 7-13, and 18-32 of this pleading as if fully set forth herein.

66. As a result of the defaults by Dealer, pursuant to the Security Agreement for selling the Collateral without remitting payment to TCFIF, W.Allen is obligated to pay the amounts due and owing pursuant to the W.Allen Guaranty attached hereto as Exhibit F.

67. W.Allen is indebted to TCFIF for the principal amount of $484,484.93 and $4,624.84 for current and past due interest and fees as of October 13, 2014, plus interest as shall continue to accrue at the applicable default rate thereafter, plus court costs, expenses, and attorneys' fees.

68. Despite demand, W.Allen has failed and refused to pay the foregoing amount, as a direct and legal result of which TCFIF has been damaged.

WHEREFORE, TCFIF demands judgment against W.Allen for damages in the amount of $489,109.77, which includes $484,484.93 for unpaid principal (including

$108,975.00 for the inventory sold out of trust), plus $4,624.84 in current and past due interest and fees as of October 13, 2014, plus reasonable attorneys' fees, costs, interest, and finance charges accruing thereafter until the debt is paid in full, as provided in the Security Agreement and W.Allen Guaranty, and such further relief as the Court deems just and proper

## COUNT VIII
## (PRELIMINARY INJUNCTION AGAINST DEALER)

69.  This is an action for preliminary injunction against Dealer.

70.  TCFIF realleges the allegations of paragraphs 1-2, 7-13, 15, and 19-32 of this pleading as if fully set forth herein.

71.  As a result of Dealer's failure to pay the sums due as alleged in paragraphs 19-24, 27, and 29, TCFIF has accelerated the account and is demanding payment in full.

72.  Dealer is in the business of retail sales. Many of the items of Inventory are small and easily transportable, ranging in value from roughly $5.00 - $30,000.

73.  If Dealer is not prohibited from the continued sale of the Inventory or the use of the Collateral in which TCFIF has a perfected security interest, then the security interest of TCFIF will be adversely affected by sales to buyers in the ordinary course, and TCFIF would lose its security interest in a portion of its Collateral.

74.  Each transfer to a third party without payment being remitted to TCFIF seriously and irreparably erodes and impairs TCFIF's security interest in the Collateral and causes immediate and irreparable injury, loss or damage to TCFIF.

75.  Dealer continues to sell Inventory at retail, and, upon information and belief, continues to use the proceeds of these sales in the operation of its business to pay salary, rent and other operational expenses.

76. Dealer is obligated to pay the proceeds derived from the sale of the Collateral, upon the sale thereof, to TCFIF and to hold the sums in trust pending payment to TCFIF. Dealer has breached these obligations.

77. Dealer has sold items of Inventory financed by TCFIF without remitting payment to TCFIF.

78. As a consequence of sales being made without the remittance of payment, there are or should be receivables and, or in the alternative, other proceeds of sale that are subject to TCFIF's security interest. If this request for injunctive relief is not granted, the specific and identifiable proceeds of sale in which TCFIF has a perfected security interest may be dissipated and never recovered.

79. Because TCFIF has a security interest in the Inventory, receivables, bank accounts or funds belonging to Dealer, and because that Inventory, receivables and bank accounts or funds serves as collateral for the amounts due from Dealer to TCFIF, TCFIF is being irreparably harmed and damaged by the actions of Dealer in selling Inventory, and disposing of the proceeds of these sales in the operation of its business. These actions on the part of Dealer, if not enjoined, will irrevocably destroy or diminish TCFIF's security interest in the Collateral.

80. No harm or prejudice will be suffered by Dealer by the issuance of an injunction prohibiting it from selling Inventory or disposing of the Collateral, as, by virtue of the defaults under the Security Agreement, Dealer no longer has the right to sell Inventory or otherwise use or expend any of the Collateral that constitute its proceeds.

81. Even assuming that this Court issues an order authorizing a writ of replevin, or that TCFIF is able to voluntarily secure possession of its remaining items of Inventory, solely regaining possession of the tangible items of Inventory will not cure the harm being suffered by TCFIF because:

    a. due to the number of items of Inventory, it will take several days to coordinate the actual seizure of the Inventory;

    b. Dealer will presumably continue to expend the proceeds received from the sale of the Inventory to which TCFIF holds a security interest, and thus diminish TCFIF's prospective recovery, when it has no right to use TCFIF's Collateral, or the proceeds thereof; and

    c. the security interest of TCFIF in the proceeds of any sale may or will be destroyed by the commingling of those funds with the other funds of the Dealer subject to other liens and security interests.

WHEREFORE, TCFIF respectfully requests this Court to enter a Preliminary Injunction in favor of TCFIF and enjoining the Dealer/Defendant, N. Florida Cycles, from disposing, transferring or dissipating any of the Inventory or any of the Collateral wherever located, or any other monies which are due to Dealer, in which TCFIF has a security interest, and further to award TCFIF its court costs and attorneys' fees, and to grant such other and additional relief as this Court may deem just and equitable.

DATED: October 14, 2014    Respectfully submitted,

    */s/ Cindy Laquidara*
    Cindy A. Laquidara, Esq.

Florida Bar No.: 0394246
AKERMAN LLP
50 North Laura Street, Suite 3100
Jacksonville, FL 32202-3646
Phone: (904) 798-3700
Fax: (904) 798-3730
E-mail: cindy.laquidara@akerman.com

and

Kelly J. H. Garcia, Esq.
Florida Bar No. 0694851
AKERMAN LLP
Post Office Box 231
420 South Orange Avenue
Orlando, FL 32802-0231
Phone: (407) 423-4000
Fax: (407) 843-6610
Email: kelly.garcia@akerman.com

*Attorneys for Plaintiff, TCF Inventory Finance, Inc.*

## VERIFICATION

STATE OF ILLINOIS
COUNTY OF COOK

Before me, the undersigned authority, duly authorized to administer oaths and take acknowledgments, personally appeared NICOLE RICE, who, after being first duly sworn, deposes and says that she is an Account Manager for the Plaintiff, TCF INVENTORY FINANCE, INC., and that, in such capacity, she has authority to make this verification on behalf of Plaintiff; that the affiant, in her capacity as an Account Manager, has access to and control over the books and records kept and maintained by Plaintiff in regard to the documents described in this Complaint; that the affiant has read the foregoing Complaint and states that the facts and matters alleged and contained therein are true and correct; and that the affiant has made this affidavit either upon her own personal knowledge of the facts involved or based upon the books and records customarily kept and maintained by Plaintiff in regard to the agreement made with TCF INVENTORY FINANCE, INC. as alleged in the Complaint.

_____
NICOLE RICE

STATE OF ILLINOIS   )
COUNTY OF COOK    )

SWORN TO AND SUBSCRIBED before me this 14th day of October, 2014, by Nicole Rice. She is personally known to me or has produced an Illinois Drivers License and (type of identification) as identification.

_____
NOTARY PUBLIC, STATE OF Illinois

(Print, Type or Stamp Commissioned Name of Notary Public)

```
OFFICIAL SEAL
MARGARET M. BAUER
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 7-17-17
```

{29721062;1}                           20