IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TCF INVENTORY FINANCE, INC.

    Plaintiff,

v.

NORTH FLORIDA CYCLES, LLC,
sometimes d/b/a FIRST COAST BOAT
AND MARINE OF ST. AUGUSTINE;
FIRST COAST IMPORTS, LLC,
sometimes d/b/a FIRST COAST DOO
CAN-AM; STOREFRONT, LLC;
MARK ALLEN; and WENDI LYNN
ALLEN,

    Defendants.

CIVIL ACTION

CASE NO.: 3:14-CV-1254-J-39MCR

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED VERIFIED COMPLAINT

Defendants, North Florida Cycles, LLC ("North Florida"), First Coast Imports, LLC ("First Coast"), Storefront, LLC ("Storefront"), and Mark Allen ("M. Allen") (collectively "Defendants") answer the amended verified complaint as follows:

    1.    Without knowledge.

    2.    Admitted except that Defendants deny that M. Allen is the sole member of North Florida.

    3.    Admitted except it is denied that Jose Torregrosa is now a member.

    4.    Admitted.

    5.    Admitted.

    6.    Denied.

    7.    Without knowledge.

8. Without knowledge.

9. Without knowledge.

10. Denied as describing the complete terms of the floorplan arrangement.

11. Admitted.

12. Admitted subject to the strict terms of the documents attached.

13. Admitted subject to the strict terms of the security agreement attached.

14. Admitted by M. Allen that he executed the Guaranty attached to the complaint as Exhibit "C".

15. Without knowledge.

16. Admitted that M. Allen on behalf of First Coast executed the Guaranty attached to the complaint as Exhibit "E".

17. Admitted that M. Allen on behalf of Storefront executed the Guaranty attached to the complaint as Exhibit "F".

18. Admitted.

19. Without knowledge.

20. Denied.

21. Denied.

22. Denied.

23. Admitted that a letter dated September 25, 2014 is attached to the complaint but otherwise denied.

24. Admitted that a letter dated October 2, 2014 is attached to the complaint and that a voluntary surrender was executed by the Dealer but otherwise denied.

25. Without knowledge.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Without knowledge.

33. Admitted for jurisdictional purposes only.

34. Defendants reallege their responses to the corresponding paragraphs incorporated by reference.

35. Without knowledge.

36. Without knowledge.

37. Defendants reallege their responses to the corresponding paragraphs incorporated by reference.

38. Without knowledge.

39. Without knowledge.

40. Without knowledge.

41. Admitted that the language quoted is found in the security agreement but otherwise denied.

42. Admitted that defendants have voluntarily surrendered the Property to plaintiff but otherwise denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Admitted, except that none of the Property remains in Defendants' possession.

48. Admitted for jurisdictional purposes only.

49. Defendants reallege their responses to the corresponding paragraphs incorporated by reference.

50. Denied.

51. Without knowledge.

52. Without knowledge.

53. Defendants reallege their responses to the corresponding paragraphs incorporated by reference.

54. Denied.

55. Denied.

56. Admitted that M. Allen is refusing to pay the amount demanded in count IV of the amended complaint but otherwise denied.

57. Defendants reallege their responses to the corresponding paragraphs incorporated by reference.

58. Denied.

59. Denied.

60. Admitted that First Coast is refusing to pay the amount demanded in count V of the amended complaint but otherwise denied.

61. Defendants reallege their responses to the corresponding paragraphs incorporated by reference.

62. Denied.

63. Denied.

64. Admitted that Storefront is refusing to pay the amount demanded in count VII of the amended complaint but otherwise denied.

[¶¶s 65-68]   No response is made to these allegations on behalf of defendant W. Allen who is deceased.  A suggestion of death has been filed herein to that effect.

69. Admitted for jurisdictional purposes only.

70. Defendants reallege their responses to the paragraphs incorporated by reference herein.

71. Denied.

72. Denied as to the present status.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Since the initiation of this action, plaintiff has recovered possession of substantially all of the floorplan inventory described in count II of the amended complaint. The floorplan inventory constitutes collateral for the debt that is the subject of the counts IV, V and VI guaranty claims. Defendants M. Allen, First Coast and Storefront are entitled to an offset equal to the fair value of all inventory and other collateral actually repossessed or replevined by plaintiff.

### Second Affirmative Defense

To the extent that plaintiff fails to dispose of the repossessed collateral in a commercially reasonable manner, it is barred from the recovery of any deficiency decree against defendants M. Allen, First Coast and Storefront, or, alternatively, is limited to a deficiency calculated by the actual fair market value of the collateral as proven by plaintiff.

### Third Affirmative Defense

The sums sought herein against defendants Allen, First Coast and Storefront, as guarantors, are unliquidated in nature, including plaintiff's claims for attorney's fees. Therefore said defendants are entitled to an evidentiary hearing as to all issues of damages, fees and costs.

**LINDELL & FARSON, P.A.**

By: _____
J. Michael Lindell, Esq.
Florida Bar No. 262226
D. Brad Hughes, Esq.
Florida Bar No. 0015367
12276 San Jose Blvd., Suite 126
Jacksonville, Florida 32223-8630
Telephone (904) 880-4000
Facsimile (904) 880-4013
Electronic service: pleadings@lindellfarson.com
Attorneys for Defendants

-7-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 12, 2014, I electronically filed the foregoing with the Clerk of Courts by using the CM/ECF system, which will send a notice of electronic filing to Cindy A. Laquidara, Esq., e-mail: cindy.laquidara@akerman.com and Kelly J. H. Garcia, Esq., e-mail: kelly.garcia@akerman.com, counsel for Plaintiff.

_____
Attorney

-7-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 12, 2014, I electronically filed the foregoing with the Clerk of Courts by using the CM/ECF system, which will send a notice of electronic filing to Cindy A. Laquidara, Esq., e-mail: cindy.laquidara@akerman.com and Kelly J. H. Garcia, Esq., e-mail: kelly.garcia@akerman.com, counsel for Plaintiff.

_____
Attorney